UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Russell M. Winterborne,

Petitioner,

vs.

Timothy O'Dell,

Respondent.

Civil No.: 00-2341 JRT/FLN

**REPORT AND RECOMMENDATION**

---

Petitioner, pro se.
John W. Riches, Earl I Anzai, and Bryan C. Yee, for Respondent.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on Petitioner's Petition for Writ of Habeas Corpus Ad Subjiciendum [#1]; Motion to Grant Petitioner's Writ for Failure of Respondent to Answer the Order of the Court [#5]; Motion to Grant Relief of Petitioner's Habeas Corpus [#8]; and Motion for Preliminary/Permanent Injunction [#11]. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2241. Petitioner alleges that he is illegally confined in a privately run prison within the State of Minnesota. Because the Petition fails to state a claim upon which relief may be granted, it must be denied. As such, Petitioner's remaining motions must be denied as moot.

## I. BACKGROUND

Petitioner Russell M. Winterborne ("Petitioner") was convicted in the State of Hawaii of two counts of Sexual Assault in the Third Degree and one count of Sexual Assault in the Second Degree. Respondent's Exhibit 1. Mittimus was delayed until August 23, 1996. Id. Petitioner

FILED JUN 0 4 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

was sentenced to serve five years on the charges of Sexual Assault in the Third Degree and ten years on the charge of Sexual Assault in the Second Degree. Id. During November, 1998, the State of Hawaii sent Petitioner to the Prairie Correctional Facility in Appleton, Minnesota, pursuant to a contract with the City of Appleton Economic Development Authority and the Corrections Corporation of America ("the CCA"). Petition at 1. The Prairie Correctional Facility is a privately-run correctional facility managed by the CCA. Id.

This Petition was filed on October 19, 2000.

## II. ANALYSIS

### A. Failure to State a Claim

Petitioner argues that, because he was convicted in the State of Hawaii, it is a violation of state law and the United States and Minnesota constitutions to confine him in a private correctional facility located within the State of Minnesota. To the contrary, Section 353-16.2 of the Hawaii Statutes states that:

**§ 353-26.2 Transfer of inmates to out-of-state institutions.**

(a) The director may effect the transfer of a committed felon to any correctional institution located in another state regardless of whether the state is a member of the Western Interstate Corrections Compact; provided that the institution is in compliance with appropriate health, safety, and sanitation codes of the state, provides a level of program activity for the inmate that is suitable, and is operated by that state, by any of its political subdivisions, or by a private institution; and provided further that the transfer is either: (1) in the interest of the security, management of the correctional institution where the inmate is presently placed, or the reduction of prison overcrowding; or (2) in the interest of the inmate.

(b) Terms and conditions of the transfer and any reimbursement for expenses shall be agreed upon between the department and the out-of-state correctional institution prior to transfer.

This statute clearly permits the State of Hawaii to transfer inmates to private out-of-state correctional institutions. Therefore, Petitioner cannot credibly argue that his transfer was in violation of state law,[1] nor can he argue that the State of Hawaii has lost jurisdiction over him. See Blango v. Thornburgh, 942 F.2d 1487, 1491 (10th Cir. 1991)(District of Columbia did not waive jurisdiction over habeas petitioner by transferring him to a federal prison in Leavenworth, Kansas); Joyner v. Henman, 755 F.Supp. 982, 985 (D.Kan. 1991)("there is no merit in petitioner's claim that the state of Pennsylvania lost all jurisdiction when it transferred him to [the U.S. Penitentiary in Leavenworth, Kansas]).

Furthermore, the transfer of an inmate from one state to another does not implicate due process rights under the Constitutions of either Minnesota or the United States. See Olim v. Wakinekona, 461 U.S. 238 (1983)(neither the federal Constitution nor the statutes of the State of Hawaii created a constitutionally protected liberty interest in confinement in a certain prison or a certain state).[2]

---

[1]Contrary to Petitioner's assertions, this statute was originally enacted in 1989 and was in full effect at the time that Petitioner was convicted.

[2]Courts in other jurisdictions have routinely permitted the transfer of inmates to out-of-state private facilities. See Evans v. Holm, 114 F.Supp. 706, 708 (W.D. Tenn. 2000)(citing fourteen unpublished cases holding that a state does not waive jurisdiction over a prisoner by imprisoning him or her outside state boundaries); Montez v. McKinna, 208 F.3d 862 (10th Cir. 2000)(Constitution not violated when a state confines a convicted prisoner in a prison owned by a private firm, regardless of its location); In re Personal Restraint of Michael Matteson, 2000 WL 169420 (Wash. November 2, 2000)(prisoners do not have a right to be housed in a certain prison or a certain state).

**B. Motion to Grant Petitioner's Writ for Failure of Respondent to Answer the Order of the Court [#5]**

Petitioner also moves the Court to grant his writ for failure of Respondent to comply with the Order to Show Cause issued by the Court on October 31, 2000. Respondent filed a response on November 29, 2000. Although the response was slightly outside the twenty day response deadline established by the Order to Show Cause, Petitioner has not been prejudiced in any way by the delay, and it would be an injustice to grant the Petition for this reason. Accordingly, the Motion to Grant Petitioner's Writ for Failure of Respondent to Answer the Order of the Court [#5] must be denied.

## III. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's:

1. Petition for Writ of Habeas Corpus Ad Subjiciendum [#1] be **DENIED**;
2. Motion to grant Petitioner's writ for failure of Respondent to answer the order of the court [#5] be **DENIED**;
3. Motion to grant relief of Petitioner's habeas corpus [#8] be **DENIED AS MOOT**;
4. Motion for preliminary/permanent injunction [#11] be **DENIED AS MOOT**.

Dated: June 1, 2001

Franklin L. Noel
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of service of this Report

and Recommendation, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.