**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

RUSSELL M. WINTERBORNE,

Petitioner,

v.

TIMOTHY O'DELL, Warden,

Respondent.

Civil No. 00-2341 (JRT/FLN)

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

---

Russell M. Winterborne, A0264091-DBZ10, Florence Correctional Facility, Box 6900, Florence, AZ 85323, *pro se.*

John William Riches, Prairie Correctional Facility, P.O. Box 157, Appleton, MN, 56208-0157; and Bryan C. Yee, Assistant Attorney General STATE DEPARTMENT OF THE HAWAII ATTORNEY GENERAL, 465 King Street South, Room B-2, Honolulu, HA, 96813, for respondent.

Petitioner Russell M. Winterborne commenced this action on October 19, 2000 by filing a petition for writ of habeas corpus ad subjiciendum pursuant to 28 U.S.C. § 2241. Thereafter, petitioner filed the following additional motions: 1) motion to grant petitioner's writ for failure of respondent to answer the order of the court; 2) motion to grant petitioner habeas corpus relief; and 3) motion for a preliminary/permanent injunction. On June 1, 2001, Chief United States Magistrate Judge Franklin L. Noel issued a Report and Recommendation addressing all of the above-mentioned motions.

FILED SEP 25 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

The Magistrate Judge recommended denying petitioner's habeas petition[1] and petitioner's motion to grant petitioner's writ for failure of respondent to answer the order of the court.

Petitioner now objects to the Magistrate Judge's recommendation that petitioner's habeas petition be denied.[2] The Court has conducted a *de novo* review of petitioner's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons set forth below, the Court overrules petitioner's objections and adopts the Report and Recommendation of the Magistrate Judge.

**BACKGROUND**

Petitioner was convicted in the state of Hawaii of two counts of sexual assault in the third degree and one count of sexual assault in the second degree. Petitioner was sentenced to five years on the third degree offense and ten years on the second degree offense. In November 1998, the state of Hawaii transferred petitioner to the privately-run Prairie Correctional Facility in Appleton, Minnesota pursuant to a contract with the City

---

[1] Because the Magistrate Judge determined that petitioner's habeas petition failed on the merits, he recommended denying petitioner's duplicative habeas corpus motion and petitioner's motion for preliminary and permanent injunctive relief as moot.

The Court also notes that the Magistrate Judge could properly consider and deny petitioner's habeas petition on the merits even though petitioner may not have exhausted his state court remedies. 28 U.S.C. § 2254(b)(2) ("[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing to § 2254(b)(2) and concluding that "the district court did not err in denying [petitioner]'s § 2241 petition on the merits" despite his failure to exhaust state remedies); *Padavich v. Thalacker*, 162 F.3d 521, 522 (8th Cir. 1998) (deciding petitioner's appeal on the merits despite failure to exhaust state court remedies).

[2] Petitioner does not object to the Magistrate Judge's recommendation that petitioner's motion to grant petitioner's writ for failure of respondent to answer the order of the court be denied. The Court accordingly adopts this portion of the Report and Recommendation.

of Appleton Economic Development Authority and the Corrections Corporation of America ("CCA").

On October 19, 2000, petitioner filed a petition for habeas corpus, contending that he is being unlawfully imprisoned and restrained of his liberty in a private correctional facility in Minnesota. The core of petitioner's claim is that a Minnesota private facility cannot lawfully hold or incarcerate petitioner when he has never been convicted of violating any of Minnesota's laws.

The Magistrate Judge determined that Hawaii's transfer of petitioner to a private out-of-state correctional facility in Minnesota did not violate any of petitioner's state or federal constitutional rights. The Magistrate Judge found that Hawaii Statute § 353-16.2 expressly authorizes the transfer in question.[3] The Magistrate Judge further relied on applicable caselaw which holds that a transfer from one state to another does not violate an inmate's federal due process rights. On these grounds, the Magistrate Judge recommended denying petitioner's motion for writ of habeas corpus.

---

[3] Section 353-16.2 provides, in its entirety:

> (a) The director may effect the transfer of a committed felon to any correctional institution located in another state regardless of whether the state is a member of the Western Interstate Corrections Compact; provided that the institution is in compliance with appropriate health, safety, and sanitation codes of the state, provides a level of program activity for the inmate that is suitable, and is operated by that state, by any of its political subdivisions, or by a private institution; and provided further that the transfer is either: (1) In the interest of the security, management of the correctional institution where the inmate is presently placed, or the reduction of prison overcrowding; or (2) In the interest of the inmate.
>
> (b) Terms and conditions of the transfer and any reimbursement for expenses shall be agreed upon between the department and the out-of-state correctional institution prior to transfer.

## ANALYSIS

Petitioner objects to the Report and Recommendation on the basis that the Magistrate Judge failed to address the specific issue upon which petitioner's motion is based. According to petitioner, the issue is not whether Hawaii was authorized to transfer petitioner to Minnesota, but rather, that petitioner has never been convicted in Minnesota and therefore cannot be imprisoned here.

The Court believes that the Magistrate Judge properly focused on the legality of petitioner's transfer in determining whether petitioner's incarceration in Minnesota violates petitioner's constitutional rights. The Court further agrees with the Magistrate Judge's determination that petitioner's incarceration in Minnesota is not constitutionally impermissible. It is clear that Haw. Stat. § 353-16.2 grants the state of Hawaii the express statutory authority to transfer inmates to private correctional facilities. Moreover, the Supreme Court has held that the interstate transfer of an inmate does not deprive an inmate of any liberty interest protected by the due process clause of the United States Constitution. *Olim v. Wakinekona*, 461 U.S. 238 (1983).

Petitioner argues that this case is distinguishable from *Olim* because his transfer was to a private institution rather than to a state prison facility. Courts have rejected petitioner's argument, however. *Pischke v. Litscher,* 178 F.3d 497, 500 (7th Cir. 1999) (concluding that no provision of the Constitution would "be violated by the decision of a state to confine a convicted prisoner in a prison owned by a private firm rather than by a government"); *Evans v. Holm*, 114 F. Supp. 2d 706, 708, 711 (W.D. Tenn. 2000) (rejecting petitioner's argument that his transfer to a private facility violated his

constitutional rights); *Montez v. McKinna*, 208 F.3d 862, 866, n.4 (10th Cir. 2000) ("Assuming that a private prison meets constitutional requirements for treatment of prisoners, a question not raised here, this court fails to see how confinement in a private prison, be it in the prisoner's home state or another state, is not confinement 'within the normal limits or range of custody which the conviction has authorized the State to impose'") (quoting *Meachum v. Fano*, 427 U.S. 215, 226-27 (1976)). As the Seventh Circuit in *Pischke* holds, "[a] prisoner has a legally protected interest in the conduct of his keeper, but not in the keeper's identity." 178 F.3d at 500-01.

Thus, for all the above-stated reasons, the Court overrules petitioner's objections and adopts the Report and Recommendation of the Magistrate Judge.

## ORDER

Based on the foregoing, the submissions of the parties, and all of the files, records, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 16] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 14]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus Ad Subjiciendum [Docket No.1] is **DENIED**;

2. Petitioner's motion to Grant Petitioner's Writ for Failure of Respondent to Answer the Order of the Court [Docket No. 5] is **DENIED**;

3. Petitioner's motion to grant relief of Petitioner's habeas corpus [Docket No. 8] is **DENIED as moot**;

4. Petitioner's motion for preliminary/permanent injunction [Docket No. 11] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: Sept. 25, 2001
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:** September 25, 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEALNO.CIV
Rev. August 11, 1995